IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| BOAKAI DOE BOKER,<br><br>v.<br><br>EREK L. BARRON, et al. | Civil Action No. CCB-22-703 |

## MEMORANDUM

Now pending before the court is the defendants' motion to dismiss the plaintiff's complaint or in the alternative for summary judgment. Mot. to Dismiss, ECF 14.[1] On March 22, 2022, *pro se* plaintiff Boakai Doe Boker filed a complaint in this court seeking a certificate of citizenship. Compl. at 5, ECF 1.[2] Boker brings his claim to federal court after his N-600 application was denied by U.S. Citizenship and Immigration Services ("USCIS"). *Id.* According to Boker, he is a U.S. citizen because his mother was naturalized while he was in the country and under the age of eighteen. *Id.* at 5-6; 7 U.S.C. § 1432(a) (repealed 2000). The motion has been fully briefed and no oral argument is necessary. *See* Local Rule 105.6. For the reasons stated below, the court will grant the defendants' motion to dismiss for lack of subject matter jurisdiction.

## BACKGROUND

Boakai Boker was born in Liberia in April of 1979. *See* Compl. at 5. His biological parents were not married at the time of his birth, and did not marry until 1997, when Boker was eighteen.

---

[1] The named defendants are Attorney General Merrick Garland, U.S. Attorney for the District of Maryland Erek L. Barron, and former Baltimore, Maryland USCIS Field Office Director Conrad Zaragoza. Compl. at 1.

[2] Citations to the complaint refer to its ECF-assigned page numbers, as the original document lacks consistent pagination.

*Id.* at 5. Boker fled the Liberian Civil War and came to the United States in 1991, when he was twelve years old. *Id.* at 5, 8. Whether he entered the country with a B2 visa as a nonimmigrant visitor or pursuant to an immigrant visa is a matter of some dispute. *See* Pl.'s Mot. to Dismiss Defs.' Mot. to Dismiss at 4, ECF 20 ("Opp'n"); Pl.'s Mot. re: New Information, ECF 24. Shortly after his arrival in this country, his mother was naturalized as a U.S. citizen. Compl. at 5, 8.

About a decade later, Boker was convicted of several crimes in South Carolina, including forgery, fraud, financial identity fraud, and leaving the scene of an accident. Opp'n at 4. Thereafter, in 2011, he returned to the United States from Liberia and, upon arrival, was briefly detained by the government at the Atlanta International Airport. *Id.* At that time, Boker applied for admission as a lawful permanent resident. *Id.* But due to his criminal history, U.S. Immigration and Customs Enforcement ("ICE") initiated removal proceedings against him. *Id.* at 4-5. Boker opposed his removal on the basis that he was a legal permanent resident, *see* Mot. to Dismiss Ex. 1 at 7, ECF 14-2 (citing 8 U.S.C. § 1229b(a)); Opp'n at 5-6, but was unable to secure a copy of his I-94 card from his 1991 entry and was eventually ordered removed from the United States on March 27, 2014, Opp'n at 5-6. Boker's removal was not immediately effectuated and, two years later, he was federally indicted. *Id.* at 7; *United States v. Boker*, No. MOC-16-cr-092 (W.D.N.C. Apr. 20, 2016). He was convicted of wire fraud, bank fraud, making false claims to the Internal Revenue Service, and aggravated identity theft and sentenced to 57 months in federal prison. *United States v. Boker*, 807 F. App'x 232, 233 (4th Cir. 2020); Opp'n at 7.

While in prison, Boker began to research his immigration status and formulated the derivative citizenship theory he asserts in this case. Opp'n at 7-8. He first presented this theory to USCIS in an N-600 application in November 2018. *Id.* at 10. That application was denied in

October 2019, and his appeal was rejected by USCIS's Administrative Appeals Office ("AAO") in January 2022. *Id.*; Mot. to Dismiss at 6. More or less simultaneously, Boker presented his theory to the immigration court which had ordered him removed, filing three motions to reopen his removal proceedings starting in February 2019 and asserting that he was a U.S. citizen. Opp'n at 9. Boker's motions to reopen were denied, and he appealed to the Board of Immigration Appeals ("BIA"). *Id.* The BIA dismissed Boker's appeal in March 2020. *Id.* Boker did not appeal the BIA's decision to the Fourth Circuit. *See* 8 U.S.C. § 1252(a)(5).

Two months after his administrative efforts to obtain citizenship were thwarted by the AAO, Boker filed a complaint in this court, asserting the same derivative citizenship theory in an apparent appeal of the denial of his N-600 application. Compl. at 9. The defendants, several federal officials, moved to dismiss Boker's complaint, arguing that the court lacks subject matter jurisdiction to hear his claim and that Boker's theory of citizenship lacks merit. *See* Mot. to Dismiss. Boker opposed the motion to dismiss, arguing that the court does have jurisdiction and that the facts show that he is a U.S. citizen. *See* Opp'n. The motion to dismiss is now ripe for resolution.

## LEGAL STANDARDS

A motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) "addresses whether [the plaintiff] has a right to be in the district court at all and whether the court has the power to hear and dispose of his claim." *Holloway v. Pagan River Dockside Seafood, Inc.*, 669 F.3d 448, 452 (4th Cir. 2012). Unlike a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), in a motion to dismiss for lack of subject matter jurisdiction "the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings." *Evans v. B.F. Perkins Co*, 166 F.3d 642,

647 (4th Cir. 1999) (internal quotation omitted). A 12(b)(1) motion to dismiss should be granted "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Id.*

A party moving to dismiss for lack of subject matter jurisdiction can contend that the complaint fails to establish jurisdiction on its face or can challenge the truth of the facts alleged. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). In the latter case, the court may go beyond the pleadings to determine whether it in fact has jurisdiction. *Kerns v. U.S.*, 585 F.3d 187, 192 (4th Cir. 2009). If jurisdictional facts are bound up with facts central to the merits of the dispute, the court should assume jurisdiction and proceed to the merits. *Id.* at 192-93. Otherwise, the court must "weigh[] the evidence to determine its jurisdiction." *Adams*, 697 F.2d at 1219.

Congress has the power to determine the extent of the lower federal courts' subject matter jurisdiction within the limits of Article III of the Constitution, *Navy Fed. Credit Union v. LTD Fin. Servs., LP*, 972 F.3d 344, 352 (4th Cir. 2020); *U.S. ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 347 (4th Cir. 2009), and when a court lacks jurisdiction, it must dismiss, *East Coast Repair & Fabrication, LLC v. U.S. through Dep't of Navy*, 16 F.4th 87, 90 (4th Cir. 2021). The plaintiff bears the burden of establishing subject matter jurisdiction. *Demetres v. East West Const., Inc.*, 776 F.3d 271, 272 (4th Cir. 2015).

## ANALYSIS

The defendants argue that subject matter jurisdiction is lacking on the face of the complaint because Congress has vested the courts of appeals with jurisdiction over appeals of orders of removal and questions of nationality asserted in removal proceedings. Mot. to Dismiss at 8-11; 8 U.S.C. §§ 1252(a)(5), 1252(b)(5). Boker counters that he is permitted to bring his claim in this

court because he was denied a certificate of citizenship by USCIS, *see* 8 U.S.C. § 1503(a), and argues the issue of his nationality did not "ar[i]se by reason of, or in connection with any removal proceeding" and is not "in issue in any such removal proceeding." Opp'n at 12-14; 8 U.S.C. § 1503(a).

Section 1503 permits "any person who is in the United States" who has been "denied [a] right or privilege [as a national of the United States] by any department or independent agency, or official thereof, upon the ground that he is not a national of the United States" to "institute an action" "for a judgment declaring him to be a national of the United States." 8 U.S.C. § 1503(a). There are two exceptions to this cause of action: "no such action may be instituted" "if the issue of such person's status as a national of the United States (1) arose by reason of, or in connection with any removal proceeding under the provisions of this chapter or any other act, or (2) is in issue in any such removal proceeding." *Id.* No one disputes that USCIS's denial of Boker's N-600 entitles him to bring a claim under section 1503 if neither of the exceptions applies. *See Johnson v. Whitehead*, 647 F.3d 120, 125 (4th Cir. 2011). So the question is whether the issue of Boker's nationality "arose by reason of" or "is in issue in" a removal proceeding.

Though the N-600 application process which Boker now challenges is technically an administrative process separate and apart from his removal, it is apparent from the facts that Boker himself alleges that the issue of Boker's citizenship "arose by reason of" his removal proceeding. *Rios-Valenzuela v. Dep't of Homeland Sec.*, 506 F.3d 393, 398-99 & n.11 (5th Cir. 2007); *cf. Lopez v. Doe*, __ F. Supp. 3d __, No. RDA-23-cv-68, 2023 WL 4418604, at *6 (E.D. Va. July 10, 2023). Removal proceedings against Boker were commenced in 2011 and he was ordered removed in 2014. Opp'n at 4-6. Two years later, while in federal prison, he began "to study his Immigration case thoroughly." *Id.* at 7. It was "[w]hile studying his case" that Boker assembled his derivative

citizenship theory. *Id.* at 7-8. Once he had fleshed the theory out, he submitted it to the authorities: his N-600 application was filed with USCIS in November 2018, *id.* at 10, and his first motion to reopen his removal proceedings was filed on February 11, 2019, Mot. to Dismiss Ex. 1 at 19. Were it not for the order of removal, Boker would have had no apparent reason to develop his current claim of citizenship. Section 1503(a) therefore strips this court of jurisdiction to hear Boker's citizenship claim. 8 U.S.C. § 1503(a).

Moreover, contrary to his argument, Boker *did* assert his citizenship in his removal proceedings, and did so three times. Opp'n at 9. While Boker's order of removal remains final and his citizenship claim is therefore not at issue in a live proceeding, *see* 8 U.S.C. § 1503(a), Boker's repeated attempts to revive his removal proceedings by injecting his citizenship claim persuades the court to exercise restraint in finding jurisdiction. Congress has clearly and unambiguously vested the courts of appeals with jurisdiction to review nationality claims that arise from removal proceedings. 8 U.S.C. §§ 1252(b)(5), 1252(a)(5); *Iasu v. Smith*, 511 F.3d 881, 892 n.9 (9th Cir. 2007); *see Duncan v. Kavanagh*, 439 F. Supp. 3d 576, 585-86 (D. Md. 2020). The correct path for Boker to obtain judicial review, as defendants point out, is to file (another) motion to reopen his removal proceedings asserting a citizenship claim and, if it is denied, to appeal to the BIA and then to the Fourth Circuit. *See* Mot. to Dismiss at 11 n.5; *Rios-Valenzuela*, 506 F.3d at 399 n.11, 400 n.13; *Iasu*, 511 F.3d at 892.[3]

---

[3] The Court acknowledges that a new motion to reopen likely would be procedurally barred, because Boker has already exhausted his first (and only) motion to reopen and is beyond the time limitation for filing. *See* 8 C.F.R. § 1003.23(b)(1). As the Ninth Circuit explained in *Iasu*, however, the court "cannot predict what an IJ or the BIA might do if a motion to reopen is filed . . . However, even if an IJ denies such a motion to reopen as procedurally improper, and even if the BIA upholds the denial, a court of appeals could still review the jurisdictional issue on direct appeal from that denial." 511 F.3d at 893.

Proving jurisdiction is Boker's burden, and he advances no other theory to establish it here. *Demetres*, 776 F.3d at 272. Because the court lacks jurisdiction to hear Boker's citizenship claim, the complaint must be dismissed.

## CONCLUSION

For the reasons stated above, the defendants' motion to dismiss Boker's complaint will be **GRANTED.**  A separate order follows.

____9/11/2023____                                    _____/s/_____

Date                                                                 Catherine C. Blake
                                                                     United States District Judge